**In re Robert E. BURTON, Brenda M. Burton, Debtors.**

**FIRST NATIONAL EXCHANGE BANK OF VIRGINIA, Plaintiff,**

v.

**Joanna H. MYERS and Brenda M. Burton, Defendants.**

Bankruptcy No. 7–79–01001.
Adversary Proceeding No. 7–80–0033.

United States Bankruptcy Court,
W. D. Virginia.

June 11, 1980.

James A. Hartley, Pearisburg, Va., for plaintiff.

H. N. Osborne, Pearisburg, Va., for debtors.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

█ The issue here is whether or not First National Exchange Bank of Virginia (Bank) should be granted leave to pursue its claim against a co-debtor of the Chapter 13 Debtor herein.

The facts essentially are as follows: the Debtor filed a petition in this Court seeking relief under Chapter 13 of the *Bankruptcy Code* of 1978. The plan which has been confirmed provided for the payment of all general creditors 100% of their debts. One of the debts listed in the schedule is that of the Bank upon which a claim has been filed herein. The original debt was in the sum of $3,263.04 made by the Debtor, Brenda M. Burton on September 11, 1979, payable in thirty-two monthly installments of $101.97 commencing October 11, 1979. The Bank at the time the loan was made listed as security for the unsecured note the endorsement of a co-maker, one Joanna H. Myers. The evidence showed in addition to the foregoing, that Joanna H. Myers was a responsible party and a good customer of the Bank. The note in question represented $2,500.00 loan and the remaining portion of the note represented add-on interest and other charges.

The Court set for hearing and heard the evidence upon the Plaintiff's complaint seeking relief from the stay invoked by virtue of 11 U.S.C. § 1301 to be permitted to proceed against the co-maker, Joanna H. Myers.

11 U.S.C. § 1301(a) provides:

"Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title."

The foregoing section is new to the law of bankruptcy and was written into the *Bankruptcy Reform Act* of 1978 by Congress in order to eliminate the pressure upon debtors where creditors pursued comakers thereby disrupting the orderly process of a Chapter 13 case. *See Bankruptcy Law* 5 BK L.Ed. *Legislative History*, § 82:4.

It is assumed for purposes of this decision, although the evidence did not disclose the facts that this was a consumer debt as provided by 11 U.S.C. § 101(7) and therefore, comes within the purview of 11 U.S.C. § 1301(a). It is also a fact that the consideration representing the debt flowed to the Debtor and not the co-debtor.

The standard which the Court must utilize in consideration of a complaint for relief from the stay is set forth in 11 U.S.C. § 1301(c), which is as follows:

"In request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by such stay."

In accordance with 11 U.S.C. § 1301(c) *supra*, paragraphs (1) and (2) are excluded from consideration in as much as the debtors received the consideration and propose to pay the claim in full. The crucial issue before the Court is § 1301(c)(3) with respect to irreparable harm which the Bank may suffer if the stay is not lifted. The Court must grant relief from the stay if irreparable harm would result.

The authors of 5 *Collier on Bankruptcy* ¶ 1301.01[5] (15th ed. 1979) note that the drafters did not indicate who bore the burden of proof on the issue of "irreparable harm":

Unlike the automatic stay imposed by section 362, no express provision is made for ex parte relief from the automatic stay or *for fixing the burden of proof.* (emphasis added)

Section 362(g) makes it clear upon whom the burden of proof falls unlike Section 1301(c):

"In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues."

The Bank asserted in its complaint that its interest as a creditor would be irreparably harmed should the automatic co-debtor stay continue in effect. While the statute in issue is silent as to the burden of proof, unlike 11 U.S.C. § 362, the common law of evidence indicates that the burden of proof on the issue of irreparable harm rest, quite properly, on the Bank.

 Professor Wigmore in his multi-volume treatise on evidence has stated that the term burden of proof is susceptible of two interpretations, one strict and the other incorrectly used. 9 *Wigmore on Evidence* "Burden of Proof" § 2485 (3rd ed. 1940). The first meaning important for our purposes, is more properly termed the burden of non-persuasion; that is, the ultimate burden of establishing the truth of a given proposition of fact essential to a cause of action. *Lilienthol v. U. S.*, 97 U.S. 237, 24 L.Ed. 901 (1877). Burden of proof in this context means the duty which rests upon the party having the affirmative to establish by a preponderance of the evidence a material proposition essential to the action. 7 *M. J.* "Evidence" § 29 (1976 Repl.Vol.) The primary test for determining who has the burden of proof is which party to the

action will fail if it offers no competent evidence to prove its facts alleged as its basis for relief. *Id.* Clearly, the Bank in its complaint alleged that its interests would be irreparably harmed. It then becomes incumbent upon the Bank to bring forth such evidence as will prove or persuade the court of its position. Using the test just proposed, the Bank's action would certainly fail if it offered no evidence whatsoever to support its claim. 29 *Am.Jur.2d* "Evidence" § 127 (1967). In Virginia, the burden of proof by which we mean the burden of persuasion in its technical sense, always rests upon the plaintiff and never shifts as opposed to the burden of producing or going forward with the evidence which shifts throughout the trial. *Redford v. Booker,* 166 Va. 561, 185 S.E. 879 (1936); *Mitchell v. New England Mutual Life Insurance Co.,* 123 F.2d 246 (4th Cir. 1941). A litigant must always prove his case and the burden is on the plaintiff to sustain the material allegations of its complaint. *Mitchell v. Commonwealth,* 141 Va. 541, 127 S.E. 368 (1925).

■ Wigmore notes that whether in the market, the home, or the legal forum, it is the desire to have action taken which is important. *Wigmore, supra.* In the affairs of life as in the court of law, the penalty for not sustaining the burden of proof—*i. e.* by non-persuasion of the fact in issue—is that the party to be influenced (the court) will not be in a position to take the desired action to which his persuasion is a prerequisite.

It is sometimes urged that the burden falls upon the one to whose case the fact in issue is essential. Certainly, the Bank is in the position of having to prove the essential facts of its irreparable harm. To do otherwise would place the unfair and inequitable burden of proof upon the defendant Debtor who should not be forced to a showing of no irreparable harm.

Another consideration suggested by Professor Wigmore is that the burden is upon the party who has the peculiar means of knowledge surrounding the fact in issue which would enable him to prove the proposition one way or the other. Wigmore, *supra.* But, as the author notes:

This consideration, after all, merely takes its place among other considerations of fairness and experience as a most important one to be kept in mind in apportioning the burden of proof in a specific case.

It becomes then a question more of policy and fairness than a set rule or rules. On the issue of fairness, the Supreme Court in *Adams v. U. S.,* 317 U.S. 269, 281, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942) stated:

"It is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality." (Quoted with approval in *Albert v. Commonwealth,* 181 Va. 894, 27 S.E.2d 177 (1943).

We think this rule should apply in the instant case even though *Albert* was a criminal case; the theory is the same. The Bank wants to show that it is unfair if the co-debtor stay pursuant to 11 U.S.C. § 1301 is allowed to remain in effect, thereby foreclosing the Bank's rights under its contract. As the claimant of an essential injustice, the burden of proof on the issue of irreparable harm should properly fall to the plaintiff, the Bank, which seeks relief from the stay.

The only evidence presented which would remotely reflect proof of irreparable harm is most favorable to the Debtor, the Defendant, Brenda M. Burton. That evidence was that Joanna H. Myers was a responsible individual, good customer of the Bank, and acceptable as a co-maker upon this obligation. There is no evidence that the status or character of the co-maker's financial ability has changed from that of a responsible individual.

As is reflected in the foregoing authorities, the burden of showing irreparable harm rests on the Bank. It is assumed that the Congress intended that the burden be proved by positive evidence before the Court is permitted to relieve the stay solely by virtue of irreparable harm being caused. This has not been done and accordingly, it is

ADJUDGED AND ORDERED that the prayer of the Complaint be, and the same is hereby denied and the stay of 11 U.S.C. § 1301 against enforcement of this debt against the co-debtor shall remain in full force and effect.